UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

    MICHAEL DAVID FLEMING,
        Debtor.
_____/

WARNER FAMILY TRUST,
    Plaintiff/Counter-Defendant,

v.

MICHAEL DAVID FLEMING,
    Defendant/Counter-Plaintiff,
_____/

Case No. 18-21087-dob
Chapter 13 Proceeding
Hon. Daniel S. Opperman

Adversary Proceeding
Case No. 18-2052-dob

## OPINION REGARDING DEFENDANT'S MOTION FOR SANCTIONS

### Introduction

Before the Court are identical Motions for Sanctions filed by the respective Defendant in Adversary Proceeding No. 18-02051, *Warner Family Trust v. Cobb*, and Adversary Proceeding No. 18-02052, *Warner Family Trust v. Fleming*. Each motion alleges that the Complaint filed in the respective adversary proceeding is frivolous, not supported by existing law, and is not a non-frivolous attempt to establish new laws under the existing facts of the case. As such, Defendant contends Plaintiff should be ordered to pay sanctions totaling $5,000.00 to Defendant in each of the adversary proceedings. Plaintiff has objected to the motions and argues that each Complaint alleges that Defendant was engaged in, and directed, a fraudulent conveyance. Plaintiff also argues that a fraudulent conveyance can satisfy the fraud standards of 11 U.S.C. § 523(a)(2) and (a)(4), and therefore the motions should be denied.

1

Facts and Procedural History

On August 24, 2018, Plaintiff filed the instant identical adversary proceedings against Defendants Charles Albert Cobb and Michael David Fleming, Adversary Proceeding Nos. 18-02051 and 18-02952, respectively. Plaintiff alleges that Defendants' respective indebtedness to Plaintiff should be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(4). On September 12, 2018, Defendants each filed an Answer, Affirmative Defenses, and Counterclaim in the adversary proceedings. The Counterclaims each allege numerous counts of fraud and misrepresentation relative to the sale of the radio station. On October 2, 2018, Plaintiff filed an Answer and Affirmative Defenses to the Counterclaims in each adversary proceeding, which were amended on October 4, 2018.

On November 1, 2018, Defendants filed the instant Motion for Sanctions in each of the adversary proceedings. Each motion asserts that defendant does not deny the facts asserted by plaintiff but does deny that these facts yield any fraud that would render defendant's debt to plaintiff non-dischargeable. Defendants further argue the Complaint is based on a mysterious theory unsupported by case law. Neither motion offers any caselaw in support of Defendants' position, but rather relies on the language of Federal Rule of Bankruptcy Procedure 9011 and conclusory allegations that the complaints are frivolous and were filed with the intent to harass Defendants. Neither motion recites any fact that Defendant served the motion on Plaintiff prior to filing the motion with the Court.

On November 21, 2018, Plaintiff filed its Objection to the Motion for Sanctions in each of the adversary proceedings. Plaintiff argues that CF Broadcasting's transfer of all its assets to Defendants for little or no consideration constitutes a fraudulent transfer, and that such fraudulent transfer can satisfy the fraud standards of both 11 U.S.C. §§ 523(a)(2) and (a)(4) pursuant to the United States Supreme Court's holding in *Husky Int'l Elecs., Inc. v. Ritz,* 136 S. Ct. 1581 (2016). As such, Plaintiff asks that the Motions for Sanctions be denied.

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157, and E.D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Law

Federal Rule of Civil Procedure 11, made applicable by Federal Rule of Bankruptcy Procedure 9011, provides, in part:

> (b) **Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Under Bankruptcy Rule 9011(c)(1), a motion for sanctions must be made in compliance with the twenty-one day "safe harbor" requirement.

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim,

> defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

This safeguard is "an absolute requirement." *Ridder v. City of Springfield*, 109 F.3d 288, 296-97 (6th Cir. 1997) (interpreting identical Rule 11 and holding that, "sanctions under Rule 11 are unavailable, unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court").

Analysis and Conclusion

The Court denies Defendant's Motion for Sanctions. Neither the motions, nor any certificate of service filed in the respective adversary proceedings, nor any other record before this Court, indicate that Defendant complied with the mandatory 21-day safe harbor provision of Bankruptcy Rule 9011(c)(1)(A). As such, this motion is denied.

Counsel for Plaintiff is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on February 21, 2019**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge